**Warren T. BROWN and Josephine B. Brown, his wife, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

Civ. No. 6946.

United States District Court
D. New Mexico.

Nov. 17, 1967.

Amended Order Nov. 22, 1967.

Leland B. Franks, Franks & deVesty, Albuquerque, N. M., for plaintiffs.

John Quinn, U. S. Atty., Albuquerque, N. M., Howard A. Weinberger, Atty., Tax Division, Dept. of Justice, Fort Worth, Tex., for defendant.

## MEMORANDUM OPINION

BRATTON, District Judge.

This matter having come on for trial before the Court without a jury, the Court, having received the evidence, now files this Memorandum Opinion.

Taxpayers Warren T. and Josephine B. Brown have sued for a refund of taxes they claim to have been wrongfully assessed by virtue of the disallowance of certain deductions taken by them on their 1964 income tax return.

Taxpayers expended $1,155.98 in legal fees in the partition of property in Mississippi partly owned by Mrs. Brown. The Court finds that this was a capital expenditure and was properly disallowed as a deduction.

Taxpayers further expended money in the attempted sale of certain New Mexico ranch property in which they owned a one-third interest. One-third of the expenses claimed, or $303.45, was disallowed as a capital expenditure to be added to taxpayers' basis. The Court finds that this, too, was properly disallowed.

The balance of the deductions claimed by taxpayers arose out of a joint venture entered into by Dr. Brown and one Frank Hale. Under the terms of this agreement, Dr. Brown was to furnish all expense money, and Hale was to furnish labor and expertise. The general purpose was to make a profit for both by putting together deals, i. e., finding buyers and sellers in various mining and oil projects and bringing these parties together. Out of such efforts, Brown and Hale hoped to make a commission or to get an interest in any companies bought or sold. Hale undertook all of the traveling and negotiations, and Dr. Brown paid all of the expenses. None of the various ventures Hale investigated and undertook to promote proved successful, and no profits were realized.

All of the expenses incurred were claimed by Dr. Brown as deductions in 1964, and all were disallowed. The Browns were assessed $9,180.33 as a tax

deficiency. They paid this amount, together with accrued interest of $770.91, on October 21, 1966.

A suit for refund was filed on December 23, 1966. On June 9, 1967, taxpayers filed an amended complaint, seeking a refund for taxes assessed on the deductions originally claimed by them and a refund on additional deductions disclosed by an examination of the records of the Brown-Hale venture.

■ The Government's position is that the expenses were investigatory in nature and were not ordinary and necessary business expenses. The Court finds, however, that the Brown-Hale venture was itself a business, promotional in nature, and the expenses incurred by the venture are deductible under Int.Rev.Code of 1954, § 162, subject to the substantiation requirements of the Int.Rev.Code of 1954, § 274, 26 CFR § 1.274.5.

The Government agreed that, if the Court should find that the Brown-Hale venture was a business, the amounts expended for telephone, lodging, air and car travel, dues and subscriptions, general office expenditures, and payments to persons who did work for the venture are deductible. All such payments are supported by adequate records.

■ The remaining amounts taxpayers claim as deductions are based upon cash expenditures by Dr. Brown and upon the diary kept by Mr. Hale. The Code Regulations require that such expenditures, if under $25.00 in amount, be substantiated in the diary by time, place, amount, business purpose, and business relationship. The business purpose and business relationship may be established by circumstantial evidence. 26 CFR § 1.274–5(c) (2) (ii) (b). Mr. Hale's diary contains time, place, and amount of all expenditures. In some instances it shows business purpose. When considered with the airline and hotel receipts and other circumstances, the business purpose and relationship are sufficiently established to allow a deduction of all the smaller items contained in the diary.

There are entries for expenditures of more than $25.00 in the diary for which there are no receipts. However, oral testimony by Mr. Hale, together with the diary entries, establishes these expenditures. 26 CFR 1.274–5(c) (3) (ii).

The deductions break down in the following manner:

| | | |
|---|---|---:|
| (1) | Lodging | $ 1,779.29 |
| (2) | Office | 987.57 |
| (3) | Legal and accounting | 1,334.90 |
| (4) | Mr. Deal | 1,041.10 |
| (5) | Telephone | 4,630.38 |
| (6) | Car | 475.57 |
| (7) | Dues | 202.95 |
| (8) | Travel | 2,064.33 |
| (9) | Mr. Sturdevant | 1,160.00 |
| (10) | Dairy expenses | 5,118.07 |
| | Total | $18,794.16 |

From the total of $18,794.16 must be subtracted $606.85, representing expenses allocable to the Utah Pipeline Venture. The $303.45 allocable to the attempted sale of the ranch property must also be subtracted. Thus, the total deductions to be allowed amount to $17,883.86.

Taxpayers had a gross income of $82,040.84 in 1964. After adjustments, and the deductions of all expenses, their taxable income actually was $45,967.86. Their total tax due was $16,212.30. Of this amount they paid $15,806.60. The balance of taxes actually due was thus $405.70.

An assessment of $9,180.33 and interest of $770.94 were paid by the Browns in October of 1966. As indicated above, $405.70 was actually due, and the interest on this deficiency to October of 1966 when it was paid was $36.51. Thus, a total of $442.21 must be deducted from the assessment and interest total of $9,951.27. The balance of $9,509.06 must be refunded to the taxpayers, together with six percent interest from the date of payment to a date preceding the date of the refund check by not more than thirty days.

This Memorandum Opinion will be filed as the Court's Findings of Fact and Conclusions of Law.

## APPENDIX

### Reconstruction of 1964 Income Tax Return

| | |
|---|---|
| Gross Income | $82,040.84 |
| Adjustments | 1,160.25 |
| Adjusted Gross Income | 80,880.59 |
| Deductions | 33,112.73 [1] |
| | 47,767.86 |
| Exemptions | 1,800.00 |
| Taxable Income | 45,967.86 |
| Income Tax | 15,972.80 |
| Credits | 278.90 |
| Income Tax | 15,693.90 |
| Self-employment Tax (2) | 518.40 |
| Total tax due | 16,212.30 |
| Pre-paid taxes | 15,446.69 |
| Balance of taxes due | 765.61 |
| Paid with return | 359.91 |
| Balance due (1964) | 405.70 (plus interest of $36.-51 to October of 1966) |
| Assessment paid October, 1966 | $ 9,180.33 |
| Interest | 770.94 |
| Less balance due plus interest | 442.21 |
| REFUND | $ 9,509.06 |

---

## AMENDED ORDER

Pursuant to F.R.Civ.P. 60(a), this Order amends the Court's Memorandum Opinion and Order filed herein.

Through an oversight, the amounts of $605.10 and $238.16 were not included in Taxpayers' deductions and legal and accounting fees were allowed in the amount of $1,334.90, when the correct amount should have been $1,354.90. The total deductions allowed should have been $33,975.99. Thus, Taxpayers actually made an overpayment of $56.14. This amount, together with the assessment of $9,180.33 paid by them in October of 1966, is due them as a refund. The amount thus due, together with interest as provided by law, is $9,236.47; Now, Therefore,

It is by the Court ordered that Taxpayers be refunded $9,236.47 plus the interest of $770.94 paid in October of 1964, plus other interest as provided by law.

1. The deductions allowed as a result of the Brown-Hale venture properly should have been reported on a partnership information return and the venture's expenses should have been shown as a net loss on Schedule B of the Form 1040. However, the deduction of such expenses on page 2, Part IV of taxpayers' 1964 return did not affect the taxable income. Nor does its treatment in the same manner in the above reconstruction of the 1964 return.