Albert N. Dibs and Rose Dibs v. Commissioner.
Dibs v. Commissioner
Docket No. 3519-68.
United States Tax Court
T.C. Memo 1970-204; 1970 Tax Ct. Memo LEXIS 155; 29 T.C.M. (CCH) 897; T.C.M. (RIA) 70204; July 21, 1970, Filed Donald F. Van Cook, 2356 Tiemann Ave., Bronx, N. Y., for the petitioners. *156 A. Mills McCawley, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency of $1,197.20 in petitioners' Federal income tax for the calendar year 1964. The issues that we must decide are: (1) whether petitioners have satisfied the substantiation requirements of section 274(d) [1] in claiming deductions for certain entertainment and gift expenses as ordinary and necessary business expenses; and (2) whether petitioners made deductible charitable contributions under section 170(a) in excess of the amount allowed by respondent. Findings of Fact At the time of the filing of the petition herein Albert Dibs and Rose Dibs were husband and wife residing in Brooklyn, New York. They filed a joint income tax return for the calendar year 1964 with the district director of internal revenue in Manhattan, New York. During 1964, Albert Dibs (hereinafter referred to as petitioner) was employed as a salesman of ladies' intimate apparel. He received commissions on sales he made in New York City and in the southeastern *157 United States. As a commission salesman petitioner paid for all his business-related expenses and was not reimbursed for these expenses by any of the companies for which he worked. Petitioner had several credit cards including cards from American Express, Diners Club, Avis, Hertz Rent-A-Car, and certain gasoline companies. During 1964 petitioner spent a total of three and one-half to four months on six selling trips outside New York. Petitioner's customers were buyers and merchandise managers of department stores. While on the road petitioner entertained his customers by taking them to luncheons and dinners. He also occasionally gave small gifts to the department stores' retail sales clerks. If a customer happened to travel to New York, petitioner would take him to 898 lunch, a night club, the theater, or a sporting event. Petitioner also entertained social friends and family in the New York area, and infrequently entertained social friends while on sales trips away from New York. In his income tax return for 1964 petitioner claimed various deductions including the following: Business expenses
Traveling expenses away from home:
entertainment
$2,330.74
Outside salesman's expenses: enter- tainment and promotion 1,990.02
TOTAL
$4,320.76
*158 Charitable contributions
St. Patrick's Building Fund Campaign
$150.00
St. Patrick's Church
275.00
Catholic Charities
50.00
Alsac, St. Mary's
50.00
Sundry organized institu- tions during year 125.00
TOTAL
$ 650.00
With respect to the business expenses of $4,320.76 respondent disallowed $3,532.30. The remaining $788.46 that respondent allowed comprised $68.88 for one category of gifts charged to petitioner's firms, $161.86 for certain gifts shown in petitioner's diary, and $577.72 for items in the diary which were less than $25 each. With respect to the charitable contributions respondent allowed $78 and disallowed the remaining $572. Petitioner kept an expense diary which he submitted at the end of 1964 to his accountant. Petitioner did not offer this diary into evidence. Petitioner offered no other documentary evidence such as checks, receipts, bills or invoices to verify any of the claimed entertainment and gift expenses. Petitioner kept records for business expenses such as auto rental, meals, lodging, telephones, buses, taxis and excess baggage. These expenses were allowed by the internal revenue agent in charge of auditing petitioner's accounts. *159 Accountants have filled out petitioner's tax returns for over 15 years. Specifically, in 1963, 1964 and 1965, Eugene Kenner, a certified public accountant, prepared petitioner's returns. Petitioner compensated Kenner in 1964 for preparing his tax return. Kenner maintained a separate file folder in his office to keep papers for the preparation of petitioner's income tax return, and for 1964 he prepared a summary of petitioner's records which he referred to at trial but which was not introduced into evidence. Also, for that same year, Kenner advised petitioner to keep more accurate expense records. Petitioner made a contribution of $150 to the St. Patrick's Building Fund Campaign sometime in 1964. Opinion Petitioner contends that he has established that the entertainment and gift expenses disallowed by respondent qualify as "ordinary and necessary business expenses" within the meaning of section 162(a). He also asserts that he has satisfied the various requirements of section 274. Since we find that petitioner has not met the substantiation requirements of section 274(d) we need not deal with petitioner's other contentions under section 162 or the other subsections of section *160 274. Prior to the enactment of section 274 in 1962, the courts, under authority of the Cohan rule, would often reconstruct by close approximation deductions for claimed expenses. Cohan v. Commissioner [2 USTC 489], 39 F. 2d 540 (C.A. 2, 1930). The Cohan method of estimation was utilized in those cases where a taxpayer had shown that he had paid certain deductible expenses but could not prove the exact amount of those expenses. E.g., Maurice P. O'Meara [Dec. 15,683], 8 T.C. 622 (1947). One of the legislative objectives behind section 274 was to overrule and supplant the Cohan rule in the case of business-related entertainment, travel, and gift expenses. H. Rept. No. 1447, 87th Cong., 2d Sess., p. 23 (1962), 1962-3 C.B. 405, 427; S. Rept. No. 1881, 87th Cong., 2d Sess., p. 35 (1962), 1962-3 C.B. 707, 741. Thus, all such expenses must be thoroughly substantiated before they will be allowed to offset gross income. Section 274(d) provides as follows: (d) Substantiation Required. - No deduction shall be allowed - (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) *161 for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) 899 the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations. The regulations provide a detailed explanation of this statutory language and its application to the entertainment, travel and gift categories. Section 1.274-5, Income Tax Regs.
In recent cases we have given a strict interpretation to section *162 274(d) and the regulations thereunder. Thus, where a commission salesman with outside salesman expenses offered into evidence a diary showing various business-related entertainment expenses but did not offer any receipts to corroborate the diary entries, we held that he had not fulfilled the substantiation requirements of section 274(d). William F. Sanford, 50 T.C. 823 (1968), affd. 412 F. 2d 201 (C.A. 2, 1969), certiorari denied 396 U.S. 841 (1969). Accord Robert H. Alter, 50 T.C. 833 (1968). On the other hand at least one court has held that introduction into evidence of a diary plus corroborative testimony is sufficient to substantiate expenditures for which there are no receipts in evidence. Brown v. United States, 280 F. Supp. 854 (D.N. Mex. 1967). In the instant case petitioner has not offered even a diary to support his contention. The sole item of documentary evidence offered at trial was a copy of petitioner's income tax return. Although petitioner testified that he kept a diary he never made clear what happened to this important piece of evidence. Nor has he shown, with respect to the disallowed items, *163 that he offered any documentary substantiation to the revenue agent who audited his income tax return for 1964. Furthermore, the testimony proffered by petitioner's witnesses was so vague and general as to provide no corroboration for petitioner's own imprecise declarations. Neither petitioner nor his witnesses made reference to any specific deductible event with respect to disallowed entertainment and gift expenses. Not one amount, time, place, business purpose or business relationship was mentioned. The regulations implicitly retain the Cohan rule in the event that a taxpayer's records have been lost through circumstances beyond his control as through destruction by some casualty. Section 1.274-5 (c)(5), Income Tax Regs.[2] Although petitioner's counsel testified that "We had a fire in * * * [my] office and I thought some of the records might have been lost," this ambiguous statement does not explain what happened to the set of petitioner's records which were purportedly kept separately in Kenner's custody. Petitioner has thus failed to show that any records were lost due to circumstances beyond his control. *164 We find, therefore, that petitioner has failed completely in carrying his burden of proving substantiation for the entertainment and gift expenses that respondent disallowed. With respect to the second issue, we conclude that there was sufficient evidence to find that petitioner made a charitable contribution of $150 to the St. Patrick's Building Fund in addition to the $78 allowed by respondent as a deduction for charitable contributions in 1964. Decision will be entered under Rule 50. Footnotes
1. Unless otherwise noted, all statutory references herein are to the Internal Revenue Code of 1954.↩
2. Sec. 1.274-5 Substantiation requirements. (c) Rules for substantiation - * * * * * * (5) Loss of records due to circumstances beyond control of taxpayer. Where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures.↩